David S. Ratner, Esq. (SBN 316267)
David Ratner Law Firm, LLP
david@davidratnerlawfirm.com
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Facsimile: (925) 891-3818
*Attorney for Plaintiffs and the Classes*

[Additional counsel appearing on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL FRIDMAN**, **DANNY GESEL REZNIK FRIDMAN**, and **JAKE LECHNER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**UBER TECHNOLOGIES, INC.**, a Delaware corporation, **RASIER, LLC**, a Delaware limited liability company, and **PORTIER, LLC**, a Delaware limited liability company,<br><br>*Defendants.* | Case No.  4:18-cv-02815-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  October 23, 2018<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiffs Michael Fridman, Danny Gesel Reznik Fridman, and Jake Lechner and Defendants Uber Technologies, Inc., Rasier, LC, and Portier, LLC hereby provide this Joint Case Management Statement in advance of the Court's Initial Case Management Conference scheduled for October 23, 2018.

### 1. Jurisdiction and Service:

**Plaintiffs' Position:**

This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' claims under the Telephone Consumer Protect Act, 47 U.S.C. § 227, et seq. ("TCPA"). All Defendants have been served.

**Defendants' Position:**

Defendants have filed a motion to compel arbitration as to Plaintiffs Michael Fridman and Danny Gesel Reznik Fridman (the "Fridman Plaintiffs") and to stay the action in its entirety. (*See* Dkt. No. 49.) Because the Fridman Plaintiffs agreed to arbitrate their claims, this Court lacks jurisdiction over them under the Federal Arbitration Act. (*See id.*) Indeed, any dispute concerning the enforceability of the scope of the arbitration provision must go to an arbitrator because the parties delegated threshold issues of arbitrability. (*Id.* at 10-11). Even if the Court decides arbitrability, however, both "gateway" issues are met and Plaintiffs must arbitrate their claims. First, the Fridman Plaintiffs entered into valid agreements to arbitrate their claims by clicking "Yes, I agree," to confirm they had read and agreed to Uber's Services Agreements. (*Id.* at 12-14.) Second, Plaintiffs' TCPA claims fall squarely within the scope of the Arbitration Provision, which covers "any dispute arising out of or relating to" the Services Agreement. (*Id.* at 15-16.) In the event Defendants' motion is denied in whole or in part, Defendants reserve the right to challenge personal jurisdiction and/or venue as to all Plaintiffs.

### 2. Facts:

**Plaintiffs' Position:**

Plaintiffs allege that Uber used an automatic telephone dialing system ("ATDS") to send text message solicitations relating to being an Uber driver to Plaintiffs and others similarly

situated without their prior express consent, in violation of the TCPA. Plaintiff Fridman is a former Uber driver that was unilaterally terminated by Uber before receiving Uber's unsolicited text message. Plaintiff Reznik applied to be an Uber delivery driver, but Uber unilaterally denied and/or rejected his application before he received Uber's unsolicited text messages. Plaintiff Lechner has never been an Uber driver, and has never otherwise used the Uber App; notwithstanding, he received an unsolicited text message from Uber.

**Defendants' Position:**

Uber disputes Plaintiffs' allegations and denies it violated any laws. In particular, Uber denies that Mr. Fridman was "unilaterally terminated," that Mr. Reznik's application was "denied and/or rejected," and that Mr. Lechner "has never … used the Uber App." Further, the Fridman Plaintiffs agreed to arbitrate their claims on an individual basis when they created their driver accounts and clicked "Yes, I agree" twice to confirm they had reviewed and agreed to the Services Agreements. (*See* ECF No. 49 at 3.) And, when all three Plaintiffs signed up to drive with Uber, they each agreed to receive text messages from Uber, including, but not limited to, the text messages described in the Complaint.

**3.    Legal Issues:**

The parties identify the following disputed points of law at this time and reserve the right to modify this statement of disputed legal issues as this litigation progresses:

- Whether the Fridman Plaintiffs entered into agreements to arbitrate their claims on an individual basis and whether the case should be stayed pending resolution of the arbitration proceedings;
- Whether Defendants sent the text messages at issue to Plaintiffs and putative Class members using an automatic telephone dialing system;
- Whether Plaintiffs and putative Class members consented to receiving the text messages at issue;
- Whether Defendants' text messages were sent for the purpose of marketing Defendants' services;
- Whether any violation of the TCPA was knowing or willful;

- Whether Plaintiffs and putative Class members suffered any damage by receiving the text messages at issue; and
- Whether Plaintiffs can demonstrate that any injunction against Defendant is appropriate.

**4.    Motions:**

**Motions to Relate**

On June 29, 2018, Defendants filed an administrative motion to relate *Manning, et al. v. Uber Technologies, Inc.*, No. 4:18-cv-02931 (N.D. Cal.) ("*Manning*") to *Fridman, et al. v. Uber Technologies, Inc. et al.*, No. 4:18-cv-02815 (N.D. Cal.) ("*Fridman*").  *Fridman* Dkt. No. 21. Plaintiff Manning did not file an opposition, and the Court granted the motion on July 6, 2018. *Fridman* Dkt. No. 28.

On July 27, 2018, Defendant filed a motion to compel arbitration and for stay.  Dkt. No. 32.  Plaintiffs then filed an amended complaint on August 17, 2018.  Dkt. No. 39.

On August 3, 2018, Defendant filed an administrative motion to relate the *Manning* and *Fridman* cases to *Vario v. Uber Technologies, Inc.*, No. 4:18-cv-03829 (N.D. Cal.) ("*Vario*"). Dkt. No. 33.  Plaintiffs did not file an opposition, and the Court granted the motion on August 8, 2018.  Dkt.  No. 34.

On August 20, 2018, Defendant filed an administrative motion to relate *Fridman, Manning,* and *Vario* to *Bollinger v. Uber Technologies, Inc.*, Case No. 3:18-cv-04538 (N.D. Cal.) ("*Bollinger*").  Dkt. No. 41.  Plaintiffs did not file an opposition, and the Court granted the motion on September 18, 2018.  Dkt.  No. 52.

On August 21, 2018, Defendants filed an administrative motion to continue the case management conference.  Dkt. No. 44.  The Court granted the motion on August 22, 2018, continuing the case management conference until October 23, 2018.  Dkt. No. 45.

**Defendants' Pending Motion to Compel Arbitration**

On September 14, 2018, Defendants filed a motion to compel arbitration and for stay in response to the amended complaint.  Dkt. No. 49.  Plaintiffs' filed an Opposition to the motion on October 5, 2018.  Dkt. No. 57.  Defendants will file a reply in support of their motion to

compel arbitration and to stay by October 19, 2018.  A hearing on Defendants' motion is currently set for December 20, 2019.

**Anticipated Motions**

Plaintiffs presently anticipate filing a Motion for Class Certification after taking sufficient discovery, which they expect to complete by July 23, 2019.

If Uber's motion to compel arbitration is granted, Uber intends to demonstrate in the arbitration proceedings that Plaintiffs cannot establish any liability for their claims, including because they consented to receive the text messages at issue.

**5.     Amendment of Pleadings:**

Plaintiffs filed an Amended Class Action Complaint on August 17, 2018 (Dkt. No. 39). Plaintiffs reserve the right to seek leave to amend pursuant to Federal Rule of Civil Procedure 15.

**6.     Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred on October 12, 2018 regarding preservation of evidence, and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

Plaintiffs propose that the parties exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on October 26, 2018, two weeks from the date of their Rule 26(f) conference.

Defendants maintain that all proceedings, including service of initial disclosures, should be stayed pending this Court's decision on whether Plaintiffs' claims may even proceed in this forum.

**8.     Discovery:**

**Plaintiffs' Position:** Plaintiffs will be serving an initial round of written discovery directed exclusively towards their claims in their individual capacities.  Plaintiffs then intend to serve written discovery directed primarily towards identifying all parties involved in the

4
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:18-CV-02815-HSG

1  transmission of unsolicited marketing text messages by or on behalf of Defendants, including
2  information relating to the content, creation, and instructions to send the text messages, as well
3  as information sufficient to identify the recipients of those text messages.  This written discovery
4  will seek information maintained by Defendants or by any agent of Defendants.  Plaintiffs will
5  also seek related information from any third party marketers or others involved in the sending of
6  the text messages.  Plaintiffs then intends to depose Defendants relating to their text marketing
7  practices and the text messages at issue, and serve additional written discovery as necessary.
8  Finally, Plaintiffs intends to obtain written discovery regarding, and the depositions of, any
9  experts retained by Defendants in connection with Plaintiffs and the Class's claims.

**Defendants' Position:**

Defendants maintain that all proceedings, including discovery, should be stayed pending resolution of the Fridman Plaintiffs' arbitration proceedings.  Defendants anticipate that in the course of arbitration proceedings, Defendants will obtain discovery relating to Plaintiffs' allegations in the Amended Complaint and their consent to receive the text messages at issue.

A.  <u>Proposed Limitations or Modifications of the Discovery Rules:</u>  At this time, the Parties do not believe that any changes need to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules but both parties reserve the right to do so by agreement or order of the Court.

B.  <u>When Discovery Should be Completed and Whether Discovery Should be Phased or Be Limited to or Focused on Particular Issues</u>:

**Plaintiffs' Position:**

As set forth in the proposed schedule (part 17, *infra*), Plaintiffs propose that fact discovery be completed by July 23, 2019 and expert discovery be completed by October 23, 2019.  Plaintiffs do not believe discovery should be bifurcated or phased.

**Defendants' Position:**

Defendants maintain that all proceedings, including discovery, should be stayed pending resolution of thearbitration proceedings.  As such, it is premature to determine when discovery

1  should be completed and whether discovery should be phased or be limited to or focused on
2  particular issues.
3            C.      Electronically Stored Information (ESI):
4  **Plaintiffs' Position:**
5  Plaintiffs believe discovery will encompass ESI and believe the parties should meet and
6  confer on the topics listed in the Northern District's Guidelines for the Discovery of
7  Electronically Stored Information and ESI Checklist, and seek to reach agreement on an ESI
8  protocol based on the Northern District of California Model by no later than October 31, 2018.
9  **Defendants' Position:**
10  Discovery should be stayed pending resolution of the arbitration proceedings, and it is
11  inefficient and premature to develop an ESI protocol at this time because the scope of any
12  discovery that may be necessary after the arbitration proceedings remains uncertain.
13            D.      Privilege Issues and Trial Preparation Materials:
14  **Plaintiffs' Position:**
15  In the event that the Parties engage in the discovery of electronically stored information,
16  Plaintiffs anticipate that the Parties will agree to and submit for the Court's consideration an
17  agreed confidentiality and protective order governing the production of proprietary business and
18  confidential information.  The Parties have not yet reached agreement on a procedure to assert
19  claims of privilege or work product.
20  **Defendants' Position:**
21  Discovery should be stayed pending resolution of the Fridman Plaintiffs' arbitration
22  proceedings, and it is inefficient and premature to submit a joint proposed Protective Order in
23  this Court when privilege and confidentiality issues and arbitration materials will need to be
24  addressed in an arbitration forum.
25            **E.**      Discovery Disputes:  The parties disagree regarding whether discovery
26  should be stayed pending a ruling on Defendants' motion to compel arbitration and for stay.
27  **9.**      **Class Actions:**
28  **Plaintiffs' Position:**

Pursuant to Local Rule 16-9(b), Plaintiffs submit the following information:

(1) Plaintiffs contend that this action is maintainable as a class action under paragraphs (a), (b)(2), and (b)(3) of Federal Rule of Civil Procedure 23.

(2) Plaintiffs bring this action on behalf of the following proposed class:

All persons who (1) on or after four years prior to the filing of the initial complaint in this action; (2) were sent a text message by or on behalf of Uber; (3) using an automatic telephone dialing system; (4) (a) for the purpose of soliciting their use of Uber's services as Uber drivers, or (b) with content intended for active Uber drivers; and (5) from whom Uber (a) does not allege to have consent, or (b) alleges to have obtained consent in the same manner it alleges to have obtained consent from one of the Plaintiffs.

(3) The following facts alleged in the amended complaint (Dkt. No. 39) demonstrate that this action is maintainable as a class action:

Numerosity: Plaintiffs believe there are at least thousands of class members. While Plaintiffs expect to learn more about the size of the class through discovery, Plaintiffs' belief is based, at least in part, on the following information: (1) multiple consumers have received the same unwanted text messages from Defendants, (2) Plaintiffs have continued to receive these text messages after filing the complaint, and (3) the purpose of automated dialers is to call or text message numerous persons in a short amount of time.

Common Questions: All of the principal factual issues (*supra* part 2) and disputed points of law (*supra* part 3) are common to all class members, and predominate over any individual questions because these issues of fact and law will drive the resolution of the claims.

Typicality: Plaintiffs' claims are typical of those of the classes, as all members of the classes have been injured by Defendants' uniform misconduct the use of an automatic telephone dialing system to send text messages without the receiving party's prior express consent to receive such messages.

Adequacy: Plaintiffs have no interests adverse or antagonistic to those of the class and have retained competent and experienced counsel to prosecute the action.

<u>Superiority:</u> Given the size of each individual class members' claims, the expense and burden of litigation make it economically and procedurally impracticable for class members to pursue individual claims.

<u>Defendants' Common Conduct:</u> Defendants have acted or refused to act on grounds generally applicable to the class, making final injunctive relief and declaratory relief appropriate with respect to the class as a whole

<u>Risk of Inconsistent Adjudications:</u> The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

Plaintiffs presently anticipate moving for class certification under Rule 23 no later than May 23, 2019.

**Defendants' Position:**

The Fridman Plaintiffs agreed to arbitrate their claims on an individual basis and therefore cannot pursue any claims on behalf of any class. In any event, Defendants deny that Plaintiffs can meet their burden of establishing that any class can be certified here.

**10.    Related Cases:**

The following four cases have been related:

- *Fridman, et al. v. Uber Technologies, Inc. et al.*, No. 4:18-cv-02815-HSG (N.D. Cal.)
- *Manning, et al. v. Uber Technologies, Inc.*, No. 4:18-cv-02931-HSG (N.D. Cal.)
- *Vario v. Uber Technologies, Inc.*, No. 4:18-cv-03829-HSG (N.D. Cal.)
- *Bollinger v. Uber Technologies, Inc.*, No. 3:18-cv-04538-HSG (N.D. Cal.)

The parties are aware of no other related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.    Relief:**

**Plaintiffs' Position:**

Plaintiffs seek: (a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiffs as the representatives of the Class and their counsel as Class Counsel; (b) An award of actual and/or statutory damages and costs; (c) An order declaring

that Defendant's actions, as set out above, violate the TCPA and UCL; (d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; (e) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the general public; (f) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment; and (g) Such further and other relief as the Court deems just and proper.

Plaintiffs seek $500 in statutory damages for each text message that Defendants or its agent negligently sent in violation of the TCPA and $1,500 in statutory damages for each text message that Defendant or its agent willfully or knowingly sent in violation of the TCPA. The TCPA provides for these damages in section 227(b)(3). The number of text messages Plaintiffs received, and whether those calls were sent knowingly or willfully, will be developed through discovery.

**Defendants' Position:**

Defendants deny that Plaintiffs are entitled to recovery any damages or relief whatsoever and further deny that Plaintiffs may maintain this action as a class action.

**12.   Settlement and ADR:**

Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the parties met and conferred with respect to ADR on August 14, 2018. In accordance with ADR Local Rule 3-5, the parties have filed an ADR Certification.

**13.   Consent to Magistrate Judge For All Purposes:** All parties have not consented to have a magistrate judge conduct all further proceedings (including trial and entry of judgment).

**14.   Other References:**

Defendants believe this case should be referred to binding arbitration pursuant to the Arbitration Provisions at issue, and that all proceedings in this Court should be stayed pending the arbitration proceedings. The parties do not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

At this time, the parties have yet to identify issues that can be narrowed by agreement.

**16.     Expedited Trial Procedure:**

The parties agree that this type of case cannot be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.     Scheduling:**

**Plaintiffs' Position:**

Plaintiffs propose the following deadlines in this matter.

| Event | Proposed Date |
|---|---|
| Amendment of Pleadings | December 3, 2018 |
| Further Case Management Conference | January 22, 2019 |
| Plaintiffs' motion for class certification | No later than May 23, 2019 |
| Defendant's opposition to motion for class certification | No later than June 13, 2019 |
| Plaintiffs' reply in support of motion for class certification | No later than June 27, 2019 |
| Hearing on Motion for Class Certification | July 18, 2019, or as soon thereafter as is convenient for the Court |
| Deadline to Amend the Complaint Regarding Class Certification Matters | 30 days after ruling on class certification |
| ADR | 30 days after ruling on class certification |
| Close of Fact Discovery | July 23, 2019 |
| Exchange Opening Expert Reports | August 22, 2019 |
| Exchange Rebuttal Expert Reports | September 23, 2019 |
| Close of Expert Discovery | October 23, 2019 |
| Motions for summary judgment and *Daubert* motions | November 22, 2019 |
| Responses to motions for summary judgment and *Daubert* motions | December 22, 2019 |
| Replies in support of motions for summary judgment and *Daubert* motions | January 13, 2020 |
| Hearing on motions for summary judgment and *Daubert* motions | January 30, 2020, or as soon thereafter as is convenient for the Court |
| Final Pretrial Conference | April 28, 2020 |

| Jury Trial | May 18, 2020 |

**Defendants' Position:** This case, including discovery, should be stayed pending a decision on Defendants' motion to compel arbitration. The Fridman Plaintiffs entered into a binding agreement to resolve all claims in arbitration on an individual basis, and they cannot pursue their claims in this forum. The case should be stayed pending resolution of the arbitration proceedings that will resolve their claims. (*See* Dkt. No 49.) It is therefore inappropriate to set case deadlines in this matter. Defendants propose that the Court continues this Case Management Conference or set a further Case Management Conference after the Court has ruled on Defendants' motion to compel arbitration and to stay the case.

**18.    Trial:**

**Plaintiffs' Position:**

Plaintiffs have demanded a jury trial in this matter. Plaintiffs anticipate a three to five-day trial.

**Defendants' Position:**

Defendants dispute that a trial may proceed on Plaintiffs' claims in this forum. The Fridman Plaintiffs must abide by their binding agreements to pursue their claims in arbitration and have waived any right to pursue a class action. This case should be stayed pending resolution of the Fridman Plaintiffs' claims in an appropriate arbitration forum.

**19.    Disclosure of Non-Party Interested Entities or parties:**

Plaintiffs have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Defendants have filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, in which Defendants certified that: (1) Defendant Uber Technologies, Inc. has no parent corporation. SB Cayman 2 Ltd., a private company, owns more than ten percent of Uber Technologies, Inc.'s outstanding stock. SB Cayman 2 Ltd. is a subsidiary of Softbank Group Corp., a publicly-traded corporation. Defendant Rasier, LLC is a wholly owned subsidiary of Uber Technologies, Inc.; and 2) other than the named parties to this action, there are no persons, associations of persons, firms, partnerships, corporations or other entities that (i) have a financial interest in the subject matter of the controversy or in a party to the

proceeding, or (ii) a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding.

**20.** **Professional Conduct:**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters:**

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Dated: October 16, 2018                Respectfully submitted,

By:      /s/  *David S. Ratner*

David S. Ratner, Esq. (SBN 316267)
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Fax: (925) 891-3818
Email: david@davidratnerlawfirm.com

Avi R. Kaufman*
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Stefan Coleman*
Law Offices of Stefan Coleman, P.A.
201 South Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Fax: (888) 498-8946
Email: law@stefancoleman.com

*Counsel for Plaintiffs Fridman, Reznik, and Lechner, and all others similarly situated*

*Admitted *pro hac vice*

| | | | |
|---|---|---|---|
| 1 | Dated: | By: | */s/      Tiffany Cheung* |
| 2 | | | Tiffany Cheung |
| | | | Lucia Xochiquetzal Roibal |
| 3 | | | Morrison & Foerster LLP |
| | | | 425 Market Street |
| 4 | | | San Francisco, California 94105 |
| 5 | | | Telephone:  (415) 268-7315 |
| | | | Facsimile:  (415) 268-7522 |
| 6 | | | tcheung@mofo.com |
| | | | lroibal@mofo.com |

Adam J. Hunt
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 336-4341
Facsimile: (212) 468-7900
AdamHunt@mofo.com

*Attorneys for Defendant Uber Technologies, Inc., Portier, LLC and Rasier, LLC*

## ATTESTATION

I, Tiffany Cheung, am the ECF user whose identification and password are being used to file this Joint Case Management Statement.   I attest under penalty of perjury that concurrence in this filing has been obtained from all signatories above.

Dated:  October 16, 2018                                                              */s/  Tiffany Cheung*