David S. Ratner, Esq. (SBN 316267)
David Ratner Law Firm, LLP
david@davidratnerlawfirm.com
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Facsimile: (925) 891-3818
*Attorney for Plaintiffs and the Classes*

[Additional counsel appearing on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL FRIDMAN, DANNY GESEL REZNIK FRIDMAN**, and **JAKE LECHNER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**UBER TECHNOLOGIES, INC.**, a Delaware corporation, **RASIER, LLC**, a Delaware limited liability company, and **PORTIER, LLC**, a Delaware limited liability company,<br><br>*Defendants*. | Case No.  4:18-cv-02815-HSG<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO UBER'S MOTION TO STAY THE ACTION PENDING A DECISION ON ITS MOTION TO COMPEL ARBITRATION** |

The Court should deny Uber's motion to stay the action as to *all* Plaintiffs pending a ruling on Uber's motion to compel arbitration as to *some* of the Plaintiffs, because, even if granted as to the Fridman Plaintiffs, Uber's motion to compel arbitration will not dispose of Plaintiff Lechner's claim.  Moreover, a stay at this juncture as to any Plaintiff would be inappropriate because, at this stage, the only manner in which Plaintiffs are seeking to advance the litigation is by taking discovery as to their individual claims (as opposed to classwide discovery).  The information Plaintiffs have requested from Uber is precisely the type of limited information Uber would be required to provide in an individual arbitration.  The Court should therefore deny Uber's interim motion to stay.

## The Court Should Deny the Motion to Stay as to Lechner

Uber and Lechner have never entered into an arbitration agreement.  Regardless of the outcome of Uber's motion to compel arbitration as to the Fridman Plaintiffs, sooner or later Lechner will be entitled to proceed with his claim in this Court.  This is true even in the unlikely event that (1) a jury finds that the Fridman Plaintiffs agreed to arbitrate their post-termination TCPA claims and grants Uber's motion to compel arbitration, (2) the Court stays Lechner's claim pending the Fridman Plaintiffs' arbitrations, and (3) Uber then prevails in those arbitrations (which are not res judicata or otherwise outcome determinative as to Plaintiff Lechner's claim).

There is therefore no reason to stay the action as to Plaintiff Lechner's claim pending a ruling on whether the Fridman Plaintiffs should be compelled to arbitration, or pending any resulting arbitration.  *See, e.g., Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 990-91 (N.D. Cal. 2016) (Uber "has not presented the Court with any authority indicating that the decision of the arbitrators with respect to the Non–Opt–Out Plaintiffs would in some way bind the Court with respect to the Opt–Out Plaintiffs" and "has presented no convincing arguments that proceeding with the litigation as to the Opt–Out Plaintiffs would in some way negatively impact or undermine the parallel arbitration proceedings, or would in some way prejudice Uber …. Uber

cannot have its cake and eat it, too."); *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 U.S. Dist. LEXIS 176965, at *39-40 (N.D. Cal. Oct. 15, 2018) ("As in that case, to the extent that Timmerman and Albert might have validly opted out of arbitration, they have a right to bring their claims in court that should not be delayed without good reason, and it is not clear that a stay would prevent the risk of inconsistent outcomes."); *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 U.S. Dist. LEXIS 168370, at *16-17 (N.D. Cal. Oct. 11, 2017) ("Parallel proceedings may raise the risk of inconsistency, but the FAA contemplates '*requir[ing]* piecemeal resolution when necessary to give effect to an arbitration agreement.' *Moses H. Cone*, 460 U.S. at 20 (emphasis in original). Moreover, inconsistency is possible even if the Court were to grant a stay: Fitbit has not shown that the outcome of the arbitration proceedings will have any effect on this Court's consideration of Dunn's claims.").

### The Court Should also Deny the Motion to Stay as to the Fridman Plaintiffs

Notably, the only manner in which any Plaintiff is currently seeking to advance the litigation pending a ruling on Uber's motion to compel arbitration is by serving 10 narrowly tailored requests for production seeking the following information regarding Plaintiffs' individual TCPA claims – not classwide discovery:

- documents regarding any Plaintiff, including communications between any Plaintiff and Uber;
- documents evidencing purported consent for Uber to text any Plaintiff;
- a log of text messages from Uber to each Plaintiff;
- documents sufficient to the identity the text messaging platform used to send messages to each Plaintiff and its functionality; and
- copies of Uber's TCPA related policies and procedures.

*See* attached declaration of Plaintiffs' counsel Avi R. Kaufman at ¶ 2.

This is the type of information that the Fridman Plaintiffs will be entitled to obtain from Uber regardless of whether they are compelled to arbitrate their claims. The Fridman Plaintiffs'

2

discovery therefore does not impose any undue burden on Uber, and there is no reason to delay its production. *See, e.g, Whitworth v. SolarCity Corp.*, No. 16-cv-01540-JSC, 2017 U.S. Dist. LEXIS 73842, at *9-11 (N.D. Cal. May 15, 2017) ("discovery as to all the Plaintiffs' individual claims will be relevant either here or in arbitration").

The Court should therefore deny Uber's motion to stay as to all Plaintiffs.

Dated: November 9, 2018   /s/David S. Ratner
David S. Ratner, Esq. (SBN 316267)
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Fax: (925) 891-3818
Email: david@davidratnerlawfirm.com

Avi R. Kaufman
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

Stefan Coleman
Law Offices of Stefan Coleman, P.A.
201 South Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Fax: (888) 498-8946
Email: law@stefancoleman.com

*Counsel for Plaintiffs Fridman, Reznik, and Lechner, and all others similarly situated*

PLAINTIFFS' RESPONSE IN OPPOSITION TO UBER'S MOTION TO STAY THE ACTION
PENDING A DECISION ON ITS MOTION TO COMPEL ARBITRATION
CASE NO. 4:18-CV-02815-HSG