TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
LUCIA X. ROIBAL (CA SBN 306721)
LRoibal@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

ADAM J. HUNT, *pro hac vice*
AdamHunt@mofo.com
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
(212) 336-4341
(212) 468-7900 (fax)

Attorneys for Defendants
UBER TECHNOLOGIES, INC., RASIER,
LLC, AND PORTIER, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIDMAN, DANNY GESEL REZNIK FRIDMAN, and JAKE LECHNER, individually and on behalf of all others similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, and PORTIER, LLC,<br><br>Defendants. | Case No. 4:18-cv-02815-HSG<br><br>**REPLY IN SUPPORT OF MOTION BY DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND PORTIER, LLC TO STAY THE ACTION PENDING A DECISION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Action Filed: May 13, 2018<br>Hearing Date: February 14, 2019<br>Time: 2:00 p.m.<br>Courtroom: 2 |

## I. INTRODUCTION

There is no reason for the Court or the parties to expend resources litigating discovery issues in this case for the short period of time that Uber's motion to compel arbitration—which is fully briefed and will be argued in a few weeks—is pending. That is especially true given that Plaintiffs do not argue that they will suffer any prejudice if the Court grants a short stay and fail to address the overwhelming weight of authority holding that it "is a common practice [to stay discovery] while motions to compel are pending." *Stiener v. Apple Comput., Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 28, 2007); *see also Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) ("Courts routinely grant stays under similar circumstances[]" where a motion to compel arbitration is pending).

Plaintiffs' only arguments against a stay are meritless. The Fridman Plaintiffs are simply wrong that they would be entitled to propound broad written discovery requests under the applicable rules governing the arbitration proceedings to which they agreed. Those rules state that discovery is to be exchanged informally and that any disputes about scope are to be resolved by the arbitrator. The Fridman Plaintiffs cannot escape their contractual obligations to litigate their claims—including discovery—in arbitration, and this Court should not expend its resources refereeing discovery disputes that will ultimately be decided by an arbitrator. Further, because Lechner failed to oppose the portion of Uber's motion to compel seeking to stay this case in its entirety, he has waived any argument that his claims should not be stayed pending resolution of the Fridman Plaintiffs' individual arbitrations. In any event, that issue will be decided in connection with Uber's motion to compel and, as Lechner does not dispute, a stay pending a decision on that motion will not prejudice him.

## II. ARGUMENT

In their Opposition, Plaintiffs do not claim that a short stay will cause them any prejudice. (*See generally* Opp'n.[1]) Nor could they. The Court is scheduled to hear Uber's motion to compel

---

[1] Plaintiffs' Response in Opposition to Uber's Motion to Stay the Action Pending a Decision on Its Motion to Compel Arbitration ("Opposition" or "Opp'n"), ECF No. 64.

in a few weeks, on December 20, 2018. Plaintiffs have agreed to extend Uber's deadlines to serve initial disclosures and respond to Plaintiffs "early" document requests until two weeks following a ruling on this motion, which is scheduled to be heard on February 14, 2019. In other words, Plaintiffs effectively have consented to stay this action for the next three months. And even if the Court has not ruled on Uber's motion to compel by February, Plaintiffs will not be prejudiced if the stay extends for a short period beyond February. *See, e.g.*, *Mahamedi IP Law, LLP*, 2017 WL 2727874, at *1 (plaintiff "will suffer no prejudice from a temporary stay" pending decision on motion to compel arbitration). Further, Plaintiffs do not cite even a single case denying a motion to stay while a fully briefed motion to compel is pending and simply ignore the numerous decisions cited in Uber's motion in which courts have granted stays in circumstances identical to those here. (*See* Mot. at 4-5.) Thus, the overwhelming weight of authority weighs in favor of granting Uber's motion.

Instead, Plaintiffs argue only that a stay is not warranted because: (1) the Fridman Plaintiffs—who undisputedly agreed to arbitrate their claims against Uber—would be "entitled" to discovery in arbitration; and (2) Lechner's claims will be heard "sooner or later . . . in this Court." Both arguments fail.

*First*, under the relevant arbitration rules, the Fridman Plaintiffs are not "entitled" to the broad written discovery that they served on Uber in this action. The Fridman Plaintiffs agreed to arbitrate "any dispute, claim or controversy arising out of or relating to" their relationship with Uber under the JAMS Streamlined Arbitration Rules & Procedures. Those rules set forth a "***voluntary* and *informal*** exchange of all non-privileged documents and information" (*See* Cheung Decl., Ex. A at 14 (emphasis added)), ***not*** the formal written requests that Plaintiffs served in this action. The breadth of Plaintiffs' document requests—which seek, among other things, source code and technical specifications for any equipment used to send text messages—also would not be permissible under the JAMS rules because the arbitrator is instructed to limit the exchange of "additional information" beyond what is voluntarily provided based on the "reasonable need for the requested information, the availability of other discovery options, and the burdensomeness of the request on the opposing Parties." (*Id*.) And if there is a dispute about what information and

documents must be exchanged, the arbitrator is tasked with resolving it. Plaintiffs' argument therefore demonstrates precisely why a stay is necessary to promote judicial economy: this Court need not and should not expend its resources hearing disputes about the scope of appropriate discovery to be exchanged in arbitration, especially given that the threshold question of whether this Court has jurisdiction over the Fridman Plaintiffs' claims in the first place (it does not) has not been decided. *See, e.g.*, *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) ("[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators").[2]

   ***Second***, Lechner's claims will only be decided ***after*** the Fridman Plaintiffs' claims have been resolved in arbitration because such a stay would promote judicial economy and inform the consideration of Lechner's claims. Indeed, Lechner did not oppose the portion of Uber's motion to compel seeking to stay the case in its entirety pending resolution of the Fridman Plaintiffs' arbitration proceedings. Uber argued in its motion to compel that the Court should stay Lechner's claims under the Federal Arbitration Act ("FAA") pending completion of the Fridman Plaintiffs' individual arbitrations. (*See* ECF No. 49 at 19-21.) ***But Plaintiffs did not respond to that argument at all in their opposition to Uber's motion to compel (see ECF No. 57) and therefore have conceded the point***. *See, e.g.*, *Long v. Pend Oreille Cty. Sheriff's Dept.*, 269 F. App'x 749, 751 (9th Cir. 2008) (plaintiffs abandoned their claim by failing to raise it in their opposition to the motion); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 WL 1746406, at *7 (C.D. Cal. Mar. 6, 2015) ("failure to address . . . evidence in its opposition waived any arguments related to it" (citing cases)). Plaintiffs cannot cure their failure to oppose Uber's motion to stay Lechner's claims in a response to an entirely different motion. In any event, whether Lechner's claims should be stayed pending resolution of the Fridman Plaintiffs'

---

[2] The single case that Plaintiffs cite is entirely inapposite. In *Whitworth v. SolarCity Corp.*, No. 16-cv-01540-JSC, 2017 U.S. Dist. LEXIS 73842, at *6 (N.D. Cal. May 15, 2017), the court ***denied*** a motion to compel arbitration under then-binding Ninth Circuit precedent in *Morris v. Ernst & Young*, 834 F.3d 975 (9th. Cir. 2016), *overruled by Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018). The court then denied the defendant's motion to stay the case while the United States Supreme Court considered the holding in *Morris*. *Whitworth* did not involve a motion to stay pending resolution of a motion to compel arbitration.

arbitration proceedings will be decided in connection with Uber's motion to compel.[3] There is no reason that the Court should not stay this case in its entirety until that motion is resolved where, as here, Lechner does not claim that he will suffer any prejudice as a result.

In sum, a short stay will not prejudice Plaintiffs, protects the jurisdiction of the arbitration forum agreed upon by the parties—including the procedures for limited discovery—and promotes judicial economy. The Court therefore should grant Uber's motion for a short stay pending resolution of Uber's motion to compel arbitration as to the Fridman Plaintiffs and stay this action in its entirety, including Lechner's claims.

Dated: November 16, 2018

TIFFANY CHEUNG
ADAM J. HUNT, *pro hac vice*
LUCIA X. ROIBAL
MORRISON & FOERSTER LLP

By: *Tiffany Cheung*
TIFFANY CHEUNG

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and PORTIER, LLC

---

[3] All three of the decisions that Plaintiffs cite in their Opposition involved a different procedural posture where courts had found that some plaintiffs agreed to arbitrate their claims but others did not. (*See* Opp'n at 1-2 (citing *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 990-91 (N.D. Cal. 2016); *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 U.S. Dist. LEXIS 176965, at *39-40 (N.D. Cal. Oct. 15, 2018); and *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036- JD, 2017 U.S. Dist. LEXIS 168370, at *16-17 (N.D. Cal. Oct. 11, 2017)).) In any event, Plaintiffs failed to raise this argument in their opposition to Uber's motion to compel arbitration and to stay, and therefore waived it. As Uber demonstrated in its motion to compel arbitration, staying the entire action—including Lechner's claims—is appropriate to promote judicial economy, particularly given that Lechner, like the Fridman Plaintiffs, provided consent to receive the text messages at issues. (*See* ECF No. 49 at 21.)